No. 24-60370

━━━━━━━━━━━━━━━━━━━━━━━━

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

━━━━━━━━━━━━━━━━━━━━━━━━

PRISCILLA STERLING, individually and on behalf of all others similarly
situated; RAINE BECKER, individually and on behalf of all others similarly
situated; SHAWN MILLER, individually and on behalf of all others similarly
situated; JOHN BENNETT,

*PLAINTIFFS-APPELLANTS,*

v.

THE CITY OF JACKSON, MISSISSIPPI; CHOKWE A. LUMUMBA; TONY
YARBER; KISHIA POWELL; ROBERT MILLER; JERRIOT SMASH;
TRILOGY ENGINEERING SERVICES, L.L.C.,

*DEFENDANTS-APPELLEES.*

━━━━━━━━━━━━━━━━━━━━━━━━

On Appeal from the United States District Court,
For the Southern District of Mississippi, Northern Division
USDC No. 3:22-cv-00531-KHJ-MTP

━━━━━━━━━━━━━━━━━━━━━━━━

**PLAINTIFFS-APPELLANTS' RESPONSE TO DEFENDANTS-
APPELLEES' PETITION FOR REHEARING EN BANC**

━━━━━━━━━━━━━━━━━━━━━━━━

Stuart C. Talley (CA 180374)
Jack R. Davis (CA 350365)
Kershaw Talley Barlow PC
401 Watt Ave., Ste. 1
Sacramento, California 95864
Telephone: 916-779-7000
Facsimile: 916-244-4829
stuart@ktblegal.com
jack@ktblegal.com

*Attorneys for Plaintiffs-Appellants*

Mark P. Chalos (TN 19328)
LIEFF CABRASER HEIMANN &
BERNSTEIN LLP
222 2nd Ave. South, Suite 1640
Nashville, Tennessee 37201
Telephone: (615) 313-9000
mchalos@lchb.com

*Attorney for Plaintiffs-Appellants*

(Additional counsel listed at signature)

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...........................................................................1

II. ARGUMENT....................................................................................2

    A.  The panel's state-created danger holding does not
           conflict with any decision nor present a question of
           "exceptional importance."........................................................2

        1.  The panel's recognition of the state-created danger
             doctrine is grounded in well-established precedent. ........2

        2.  Defendants manufacture a conflict where none
             exists.............................................................................7

        3.  The panel correctly formulated the state-created
             danger doctrine and the elements to state a claim
             thereunder.....................................................................8

            a.  The panel's formulation solidifies the
                 framework previously articulated by Fifth
                 Circuit.................................................................8

            b.  The differences that Defendants raise
                 between the panel's formulation and Fifth
                 Circuit precedent are cosmetic. ...........................10

        4.  The sufficiency of Plaintiffs' facts is not an
             appropriate question for the en banc review. .................12

    B.  The panel's bodily integrity holding, steeped in precedent
           and history and undisturbed by *Dobbs*, does not warrant
           en banc review. ....................................................................13

        1.  The panel's opinion was explicitly limited to
             bodily integrity and did not create a new
             constitutional right to water. .........................................13

        2.  The constitutional right to bodily integrity is
             deeply rooted in precedent and history, and was
             left undisturbed by *Dobbs*............................................14

# TABLE OF CONTENTS
## (Continued)

**Page**

III.    CONCLUSION ....................................................................................16

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*,
138 F.4th 252 (5th Cir. 2025)................................................................16

*Ashcroft v. al-Kidd*,
563 U.S. 731 (2011)................................................................12

*Beltran v. City of El Paso*,
367 F.3d 299 (5th Cir. 2004)................................................................5

*Brecht v. Abrahamson*,
507 U.S. 619 (1993)................................................................4

*Bustos v. Martini Club Inc.*,
599 F.3d 458 (5th Cir. 2010)................................................................5

*Butera v. D.C.*,
235 F.3d 637 (D.C. Cir. 2001) ................................................................7

*Cnty. of Sacramento v. Lewis*,
523 U.S. 833 (1998)................................................................10

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*,
489 U.S. 189 (1989)................................................................3

*Dobbs v. Jackson Women's Health Org.*,
597 U.S. 215 (2022)................................................................*passim*

*Doe v. Hillsboro Indep. Sch. Dist.*,
113 F.3d 1412 (5th Cir. 1997)................................................................5

*Doe v. Jewell*,
151 F.4th 236 (5th Cir. 2025)................................................................15

*Fisher v. Moore*,
73 F.4th 367 (5th Cir. 2023), *cert. denied,* 144 S. Ct. 569 (2024)..............4, 7, 8

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982)................................................................6

# TABLE OF AUTHORITIES
## (Continued)

*Hess v. Garcia*,
  72 F.4th 753 (7th Cir. 2023)...........................................................15

*Ingraham v. Wright*,
  430 U.S. 651 (1977)......................................................................14

*Irish v. Fowler*,
  979 F.3d 65 (1st Cir. 2020) ...................................................6, 9, 11

*Johnson v. Dallas Indep. Sch. Dist.*,
  38 F.3d 198 (5th Cir. 1994)..........................................................3, 5

*Kneipp v. Tedder*,
  95 F.3d 1199 (3d Cir. 1996)...............................................................6

*Leffall v. Dallas Indep. Sch. Dist.*,
  28 F.3d 521 (5th Cir. 1994).............................................................10

*Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*,
  675 F.3d 849 (5th Cir. 2012)......................................................5, 6, 9

*McClendon v. City of Columbia*,
  305 F.3d 314 (5th Cir. 2002)..........................................................4, 5

*Murguia v. Langdon*,
  61 F.4th 1096 (9th Cir. 2023), *cert. denied sub nom* ...........................4

*Pearson v. Callahan*,
  555 U.S. 223 (2009).........................................................................5

*Piotrowski v. City of Houston*,
  237 F.3d 567 (5th Cir. 2001).............................................................5

*Saucier v. Katz*,
  533 U.S. 194 (2001).........................................................................6

*Scanlan v. Texas A&M Univ.*,
  343 F.3d 533 (5th Cir. 2003)...........................................................12

# TABLE OF AUTHORITIES
## (Continued)

Page

*Siegert v. Gilley*,
    500 U.S. 226 (1991)........................................................................6

*Tulare v. Murguia*,
    144 S. Ct. 553 (2024)....................................................................4

*Tyson v. Sabine*,
    42 F.4th 508 (5th Cir. 2022)........................................................15

*Uhlrig v. Harder*,
    64 F.3d 567 (10th Cir. 1995)........................................................7

*Union Pac. R. Co. v. Botsford*,
    141 U.S. 250 (1891)....................................................................14

*United States v. Rosciano*,
    499 F.2d 173 (7th Cir. 1974).........................................................1

*W. Pac. R. Corp. v. W. Pac. R. Co.*,
    345 U.S. 247 (1953)......................................................................1

*Washington v. Glucksberg*,
    521 U.S. 702 (1997)................................................................6, 14

*Wearry v. Foster*,
    52 F.4th 258 (5th Cir. 2022)........................................................14

*White v. Rochford*,
    592 F.2d 381 (7th Cir. 1979).....................................................3, 12

*Wood v. Ostrander*,
    879 F.2d 583 (9th Cir. 1989).........................................................6

**Statutes**

42 U.S.C. § 1983......................................................................2, 3, 6

# TABLE OF AUTHORITIES
## (Continued)

**Page**

**Court Rules**

Fed. R. App. P. 35(b) ...............................................................................1

Fed. R. App. P. 40(b)(2)........................................................ 1, 8, 12, 13

**Constitutions**

Fourteenth Amendment............................................................................2

U.S. Const. Amendment XIV, § 1 ...........................................................2

# I.    <u>INTRODUCTION</u>

The Court should reject Defendants' request for en banc consideration because it does not meet the criteria set forth in Federal Rules of Appellate Procedure requiring a conflict with the Supreme Court, a Circuit Court, or "one or more questions of exceptional importance." *See* Fed. R. App. P. 40(b)(2); *see also United States v. Rosciano*, 499 F.2d 173, 174 (7th Cir. 1974) ("The function of en banc hearings is not to review alleged errors for the benefit of losing litigants.") (citing *W. Pac. R. Corp. v. W. Pac. R. Co.*, 345 U.S. 247, 256–59 (1953); Fed. R. App. P. 35(b)). The panel's state-created danger and bodily integrity opinions are grounded in well-established precedent. Notwithstanding Defendants' misreading of the panel's opinion, it does not meet "the rigid standards" of Rule 40(b)(2), nor does it merit such "a serious call on limited judicial resources." Ct. App. 5th Cir. Loc. R. 40.2.1 (emphasizing that "en banc hearing or rehearing is not favored"). This Court need not devote en banc resources to rehearing the panel's well-supported opinion.

First, no Circuit Court has rejected the state-created danger theory, nor has the Supreme Court ever deemed it worthy to clarify the issue despite numerous petitions for certiorari. The panel decision, therefore, does not conflict with any other decision such that en banc rehearing is warranted. The panel also correctly described the elements; no further clarification by the en banc court is needed.

Numerous Circuits have recognized the state-created danger theory by panel decision and rehearing en banc was either denied or not requested. Therefore, the panel's state-created danger holding poses no question of exceptional importance appropriate for en banc rehearing.

Second, the panel's bodily integrity holding is even less deserving of en banc review. Defendants misleadingly claim the panel opinion establishes a constitutional right to water when the opinion (and Plaintiffs) clearly disavows this. Far from "breaking new ground," the panel's opinion applies bodily integrity Supreme Court precedent, deeply rooted in law and history, and explicitly left intact by *Dobbs*. Defendants' misinterpretation of the panel's bodily integrity opinion clearly does not present an issue of "exceptional importance" warranting en banc reconsideration.

## II. <u>ARGUMENT</u>

### A. The panel's state-created danger holding does not conflict with any decision nor present a question of "exceptional importance."

#### 1. The panel's recognition of the state-created danger doctrine is grounded in well-established precedent.

Section 1983 enforces civil liability for any government officials who "subjects, or causes to be subjected . . . [individuals] to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. One such right, under the Fourteenth Amendment, is that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S.

Const. amend. XIV, § 1. Like § 1983, the state-created danger doctrine recognizes that causing a deprivation is, under certain circumstances, tantamount to performing the deprivation itself. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196–97, 201–03 (1989) (acknowledging that the Constitution may impose an affirmative duty to protect or provide aid when the State "render[s] [individuals] more vulnerable to" harm or "play[s] [a] part in [its] creation").

While the specific term "state-created danger" arose from the Supreme Court's opinion in *DeShaney*, courts have long recognized that the Due Process Clause redresses harms for unjustified government endangerment. *See White v. Rochford*, 592 F.2d 381 (7th Cir. 1979) (holding children who were injured when police officers knowingly left them in prolonged inclement weather had a viable § 1983 claim). In this Circuit too, courts have long recognized (even if not explicitly adopted) the state-created danger doctrine. *See, e.g.*, *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994) ("When state actors knowingly place a person in danger, the due process clause of the constitution has been held to render them accountable for the foreseeable injuries that result from their conduct, whether or not the victim was in formal state 'custody.'").

Defendants fail to cite a single case that conflicts with this precedent. That is because this Circuit—and the Supreme Court[1]—have consistently left the door

---

[1] Between 2018 – 2023, the Supreme Court rejected at least fourteen certiorari

open to the state-created danger doctrine.[2] *See Fisher v. Moore*, 73 F.4th 367, 372,

374 (5th Cir. 2023), *cert. denied,* 144 S. Ct. 569 (2024) (clarifying that this Circuit

"ha[s] not categorically *ruled out* the doctrine," but "leav[ing] the question of

adopting the doctrine, and how narrowly to construe it, for another day");

*McClendon v. City of Columbia*, 305 F.3d 314, 325 (5th Cir. 2002) ("[W]e have

*not yet* determined whether a state official has a similar duty to protect individuals

from state-created dangers.") (emphasis added).

An opinion cannot conflict with binding precedent when the issue in

question was "never squarely addressed." *Brecht v. Abrahamson*, 507 U.S. 619,

631 (1993). In every instance where this Circuit has considered adopting state-

created danger as a viable constitutional cause of action, it has cited case-specific

(often qualified immunity) reasons for declining to do so that are not grounded in

the constitutional right itself. *See, e.g.*, *Fisher*, 73 F.4th at 374 (finding that the

state-created danger doctrine had not been clearly established and reserving its

---

petitions asking it to determine whether and under what circumstances a State's
failure to protect an individual from private violence constitutes a violation of the
Due Process Clause. *See, e.g.*, *Murguia v. Langdon*, 61 F.4th 1096, 1104 (9th Cir.
2023), *cert. denied sub nom. Tulare v. Murguia*, 144 S. Ct. 553 (2024).

[2] By adopting the state-created danger doctrine, the panel does not open the
floodgates to new litigation. The state-created danger doctrine has been established
for decades in all other circuits without roiling the government with excessive
litigation. During the last five years, there have been only 118 circuit court
opinions involving state-created danger across the country, or an average of fewer
than 25 circuit court opinions per year nationwide.

adoption because the parties had failed to brief the issue); *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 865 (5th Cir. 2012) ("declin[ing] to use this en banc opportunity to adopt the state-created danger theory . . . because the allegations would not support such a theory"); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 466 (5th Cir. 2010) (ruling that even if viable, "the state-created danger theory would not apply here"); *Beltran v. City of El Paso*, 367 F.3d 299, 307 (5th Cir. 2004) (finding it "unnecessary to" recognize the state-created danger doctrine because the officer's errors while negligent, were not deliberately indifferent to plaintiff's situation).[3]

This Circuit has rejected state-created danger claims on qualified immunity grounds, holding that the contours of the state-created danger doctrine were not clearly established at the time of the incident. To be clear, whether a constitutional right has been "clearly established" has no bearing on whether the Constitution grants such a right. *See Pearson v. Callahan*, 555 U.S. 223, 237 (2009). Rather, the

---

[3] *See also McClendon*, 305 F.3d at 326 (detective acted with ordinary negligence, but not deliberate indifference); *id.* at 334 (J. Parker, dissenting) ("[W]e have never taken a position on whether the state-created danger theory is a valid one, choosing instead to duck the issue."); *Piotrowski v. City of Houston*, 237 F.3d 567, 584 (5th Cir. 2001) ("We need not [adopt the doctrine] here, since, even if we were to adopt it, [plaintiff] could not recover."); *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1415 (5th Cir. 1997) (en banc) ("Nor does a state-created-danger theory save plaintiffs' claims."); *Johnson*, 38 F.3d at 201 ("Even if the state-created danger theory is constitutionally sound, the pleadings in this case fall short of the demanding standard for constitutional liability.").

"clearly established" inquiry concerns the awareness of the official claiming qualified immunity, asking "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001); *see Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). In contrast, determining whether a plaintiff has asserted a violation of a constitutional right is a "purely legal question," *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *see Washington v. Glucksberg*, 521 U.S. 702, 721 (1997).

Defendants have not cited any decisions that conflict with the panel's recognition of the state-created danger doctrine. While, until now, this Circuit has declined to "*explicitly* adopt[] the state-created danger theory," it has never disavowed it. *Doe ex rel. Magee*, 675 F.3d at 864 (emphasis added); *see supra* n. 3. Here, the panel's opinion correctly adopted the doctrine after a careful review of applicable constitutional precedent.

Defendants do not cite any rule requiring the en banc Court to weigh in before affirmatively adopting the state-created danger doctrine. No such rule exists. *See, e.g.*, *Irish v. Fowler*, 979 F.3d 65, 67 (1st Cir. 2020) (three-judge panel adopting the state-created danger for the first time); *Kneipp v. Tedder*, 95 F.3d 1199, 1201 (3d Cir. 1996) (three-judge panel "hold[ing] that the state-created danger theory is a viable mechanism for establishing a constitutional claim under 42 U.S.C. § 1983"); *Wood v. Ostrander*, 879 F.2d 583, 592 (9th Cir. 1989) (three-

judge panel first recognizing the theory of state-created danger liability); *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995) (three-judge panel holding that "[a] state also may be liable for an individual's safety under a 'danger creation' theory"); *Butera v. D.C.*, 235 F.3d 637, 651 (D.C. Cir. 2001) (three-judge panel "join[ing] the other circuits in holding that" "an individual can assert a substantive due process right" "under the State endangerment concept").

### 2. Defendants manufacture a conflict where none exists.

Defendants fail to cite any conflicts with the decisions of this Circuit or the Supreme Court, arguing instead that the panel failed to demonstrate that the adoption of the state-created danger doctrine "passes the Supreme Court's 'reinvigorated test'" to expand substantive due process rights. Pet. at 13. Yet nowhere in the *Dobbs* decision does the Supreme Court even mention a "reinvigorated test." Pet. at 6, 13, 20. Nor do Defendants cite any other Supreme Court precedent adopting such a test. This term was coined by the *Fisher* panel in interpreting *Dobbs*, not by the Supreme Court. *Fisher*, 73 F.4th at 374. *Dobbs* does not concern the state-created danger doctrine. The *Dobbs*' holding is clearly restricted to the right to abortion, not at issue here. *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 290 (2022) ("[W]e emphasize that our decision concerns the constitutional right to abortion and no other right."); *see infra* § B.2.

Defendants' petition fails to identify "an error of exceptional public

importance or an opinion that directly conflicts with prior Supreme Court, Fifth Circuit or state law precedent." 5th Cir. R. 40.2 (Dec. 2025). To prevent any further delay of this litigation, the petition should be denied.

### 3. The panel correctly formulated the state-created danger doctrine and the elements to state a claim thereunder.

#### a. The panel's formulation solidifies the framework previously articulated by Fifth Circuit.

While the Fifth Circuit has not yet adopted the state-created danger theory, it has previously "suggested" that a claim under this theory "might include" a showing that "[1] the defendants used their authority to create a dangerous environment for the plaintiff and [2] that the defendants acted with deliberate indifference to the plight of the plaintiff." *Fisher*, 73 F.4th at 372. The Circuit added a third requirement that "the defendant must have used their authority to create an opportunity that would not otherwise have existed for the third party's crime to occur." *Id.* (quotation omitted). The panel's formulation follows this framework and clarified each of these notions.

The panel recognized that that the Due Process Clause guarantees the right to be free from state-created danger, and working within the Circuit's framework, carefully formulated elements that would substantiate a claim alleging that the right was violated.[4] These elements can be summarized as: (1) affirmative state

---

[4] In doing so, the panel articulated workable elements that have proven successful

action, (2) foreseeability of the plaintiff, (3) causation of plaintiff's harm, and (4) a degree of culpability that shocks the conscience. App. at 35. At its core, the panel's articulation of the elements, like the Circuit's framework, require that the official put the plaintiff in danger by engaging in, at minimum, deliberately indifferent conduct toward the plaintiff, which caused the plaintiff harm. The panel reshapes the Circuit's test into clearer, more easily applied elements, but it did not, as Defendants assert, "adopt a different test without justification." Pet. at 22.

Defendants' attempt to discern the operable test in this Circuit demonstrates why the panel opted to reshape it into a more workable test. *See* Pet. at 21 (describing the test as two elements where "[t]he second element is divided into three parts, which incorporate the first element."). Defendants assert that "to state a claim for state-created danger in the Fifth Circuit, plaintiffs must allege 'the environment created by the state actors must be dangerous; they must know it is dangerous; and they must have used their authority to create an opportunity that would not otherwise have existed for the third party's crime to occur.'" Pet. at 21– 22 (citing *Doe ex rel. Magee*, 675 F.3d at 865). However, if that were the test, situations that enhanced danger to the general public could constitute a state-created danger, since Defendants' test does not require a showing that the plaintiff

---

in other circuits. *See Irish*, 979 F.3d at 74 ("This circuit has repeatedly outlined the core elements of the state-created danger doctrine as they have been articulated in other circuits.").

was a foreseeable victim. Defendants' test is also silent as to whether an affirmative act is required or if a failure to act is sufficient. In short, Defendants' misinterpretation of the elements previously set forth by this Circuit only confirms why the panel's formulation of the elements was correct.

> **b.** **The differences that Defendants raise between the panel's formulation and Fifth Circuit precedent are cosmetic.**

Defendants raise two requirements that are purportedly missing from the panel's formulation of the state-created danger doctrine—knowledge and factual causation. However, the panel's opinion accounts for both.

*Knowledge.* Contrary to Defendants' assertion, the panel's formulation of the doctrine requires that the state actors knew that they created a dangerous environment. Pet at 22. Defendants overlook that knowledge is baked into the fourth element, which requires "that the state actor's conduct, when viewed in total, shocks the conscience." App. at 35.

To become conscience shocking, an official's culpability must, at minimum, arise to deliberate indifference, *i.e.*, "[s]omething more than negligence but 'less than intentional conduct'. . ." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). Deliberate indifference requires actual or constructive knowledge. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 531 (5th Cir. 1994) ("[T]he 'deliberate indifference' standard requires the plaintiff to show . . . the defendant had actual

knowledge, or was willfully blind to, the elevated risk."); *Irish*, 979 F.3d at 75

("To show deliberate indifference, the plaintiff must, at a bare minimum,

demonstrate that the defendant actually knew of a substantial risk of serious harm

and disregarded that risk.") (quotation omitted). Accordingly, knowledge is

subsumed by the fourth element.

    *Factual causation.* Defendants argue that the panel's formulation of a state-

created danger claim should have required that "the state actor created an

opportunity for third-party violence that would not otherwise exist." Pet. at 22.

This is simply an elegant test for factual causation. Defendants overlook that

factual (*i.e.*, but-for causation) is subsumed within the third element pronounced in

the panel's opinion. *See* App. at 35 (requiring "(3) that the act or acts caused the

plaintiff[s'] harm").

    Moreover, contrary to Defendants' assertion, the First Circuit requires both

factual and legal causation. *Cohen*, 110 F.4th at 406–07 ("To prevail on a state-

created danger claim, . . . [t]he plaintiff must show that the defendant's actions

were both the but-for and proximate cause of his or her injury."). In *Cohen*, a man

in an alleged state of psychosis fled into a body of water after assaulting his

girlfriend, a police officer allegedly threatened to "kick his ass if he [got] out of

th[e] water," and the man ultimately drowned. *Id.* at 406. The First Circuit affirmed

summary judgment in favor of the officer, finding that plaintiff's causation

argument was merely "a series of increasingly speculative inferences," and "no reasonable jury could conclude that [the officer]'s threat factually or legally caused [plaintiff]'s death." *Id.* at 407.

If Defendants mean to suggest that the harm must be caused by a third party and not by other forces, this suggestion does not comport with this Circuit's nor other Circuits' formulations of the elements. While some cases have arisen in the context of third party harms, this Circuit has stated that the claim may arise for natural harms, *e.g. Scanlan v. Texas A&M Univ.*, 343 F.3d 533 (5th Cir. 2003) (collapse of bonfire stack), which comports with longstanding precedent, *e.g. White v. Rochford*, 592 F.2d 381 (7th Cir. 1979) (children left in freezing weather).

Accordingly, the panel's formulation of the state-created danger test is grounded in this Circuit's precedent. Therefore, neither Rule 40(b)(2)(A) nor (C) supports allocating limited judicial resources to en banc reconsideration.

### 4. The sufficiency of Plaintiffs' facts is not an appropriate question for the en banc review.

Defendants' petition improperly invites the en banc Court to address whether Plaintiffs' allegations state a cognizable claim under the state-created danger doctrine, misciting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) for a proposition for which it does not stand. *See* Pet. § I.C. The district court's order did not reach this question. ROA 1947 (summarily dismissing Plaintiffs' claim on the basis that "the state-created-danger theory is foreclosed in this circuit"). As such,

the panel's opinion properly remanded with instructions that the district court resolve this question and that holding should remain undisturbed. *See* App. at 36. Calling on the entire Court to delve into the facts of this case, especially before any discovery has taken place, is inefficient and contrary to this Court's own operating procedures. *See* 5th Cir. R. 40.2 ("[A]lleged errors . . . in the application of correct precedent to the facts of the case are generally matters for panel rehearing but not for rehearing en banc.").

**B.     The panel's bodily integrity holding, steeped in precedent and history and undisturbed by *Dobbs*, does not warrant en banc review.**

**1.     The panel's opinion was explicitly limited to bodily integrity and did not create a new constitutional right to water.**

Defendants' misinterpretation of the panel's bodily integrity opinion does not present an issue of "exceptional importance" warranting en banc reconsideration. Defendants misleadingly claim the panel opinion establishes a constitutional "right to competent municipal water services." Pet. at 7, 26. Yet the panel expressly stated it did not establish (nor did Plaintiffs allege) a right to water. It limited its holding to Plaintiffs' right to bodily integrity. App. at 26–27 ("[L]et us be clear: our holding is fact-specific and does not recognize a generalized constitutional right to high-quality municipal services."); *id.* at 26–27 ("Here, the state is alleged to have knowingly introduced a *toxin* to residents' bodies, without any intended therapeutic benefit, and then told people that it was safe."); *id.* at 15

("Plaintiffs do not assert that the City had a general duty to provide water.") *id.* at 19. As such, the panel's bodily integrity opinion provides no occasion for "the extraordinary remedy of rehearing en banc." *Wearry v. Foster*, 52 F.4th 258, 260 (5th Cir. 2022) (J. Ho concurring in rehearing denial).

> **2.** **The constitutional right to bodily integrity is deeply rooted in precedent and history, and was left undisturbed by *Dobbs*.**

Tracing back to the Magna Carta, "[n]o right is held more sacred" or more deeply rooted in our nation's history than the right to bodily integrity. *Union Pac. R. Co. v. Botsford*, 141 U.S. 250, 251 (1891) (describing the right to bodily integrity as "the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law"); *accord Ingraham v. Wright*, 430 U.S. 651, 673 (1977) (The "right to be free from and to obtain judicial relief, for unjustified intrusions on personal security" is "[a]mong the historic liberties so protected" by the Constitution.); *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) ("[T]he 'liberty' specially protected by the Due Process Clause includes the right[] . . . to bodily integrity.").

However, the panel's opinion does not "break new ground in [the] field [of protected liberty interests]." *Dobb*, 597 U.S. at 240. Indeed, the opposite is true, the panel's opinion is based on the right to bodily integrity, which is a long-

celebrated liberty interest. The panel, "[a]pplying the Supreme Court's bodily autonomy precedents" came to the same conclusion as the Sixth Circuit in *Guertin*:

> If the Constitution protects a person's right to refuse potable water necessary for life, then it certainly protects the right to refuse toxic water. The government violates that right when it, as the provider, lies to and gaslights the public, depriving individuals of the ability to give informed consent and exposing them to harm without their knowledge.

*Id.*; App. at 15.

*Dobbs* did not undermine bodily integrity jurisprudence, indeed the majority opinion did not even mention bodily integrity. *See Dobbs* 597 U.S. at 215. Instead, the Supreme Court went out of its way to limit its holding to abortion only, emphasizing in the text of the ruling that its "decision concerns the constitutional right to abortion *and no other right.* Nothing in this opinion should be understood to cast doubt on precedents that do not concern abortion." *Id.* at 289–90 (emphasis added).

The panel, like other courts, found "*Dobbs* left intact the substantive due process jurisprudence governing bodily integrity." App at 13. *See also Tyson v. Sabine*, 42 F.4th 508, 517 & n. 4 (5th Cir. 2022) (stating that "[t]he substantive component of the Due Process Clause . . . secures the right to be free of state occasioned damage to a person's bodily integrity" and noting that Dobbs did not impact this precedent (citation modified)); *Doe as next friend Doe v. Jewell*, 151 F.4th 236 (5th Cir. 2025) (reaffirming the right to bodily integrity); *Hess v. Garcia*,

72 F.4th 753, 765 (7th Cir. 2023) (*Dobbs* "did not mention or undermine the right to bodily integrity."). Accordingly, contrary to Defendants' suggestion, the panel's ruling that Plaintiffs' alleged facts plausibly state a bodily integrity claim did not "break new ground" (Pet. at 25), and therefore does not attach "exceptional importance" to merit the dedication of this Court's resources.

Even if the Court were to accept Defendants' invitation to take up the state-created danger issue discussed above, it need not reconsider the bodily integrity portion of the panel's opinion. *See Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, 138 F.4th 252, 263 (5th Cir. 2025) (J. Ho concurring) (reaffirming the "basic principle of en banc rehearing" that the Court "need not decide every issue en banc, but may instead leave non-en banc worthy issues for the original panel to address.").

**III.    CONCLUSION**

For these reasons, the Court should deny the petition for rehearing en banc.

Dated:  December 15, 2025                     Respectfully submitted,

*/s/ Mark P. Chalos*
Mark P. Chalos (TN 19328)
**LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP**
222 2nd Ave. South, Suite 1640
Nashville, Tennessee 37201
Telephone: (615) 313-9000
mchalos@lchb.com

Tiseme G. Zegeye (CA 319927)
**LIEFF CABRASER HEIMANN &**
  **BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, California 94111
Telephone: (415) 956-100
tzegeye@lchb.com

Stuart C. Talley (CA 180374)
Jack R. Davis (CA 350365)
**KERSHAW TALLEY BARLOW PC**
401 Watt Ave., Ste. 1
Sacramento, California 95864
Telephone:
Facsimile:
stuart@ktblegal.com
jack@ktblegal.com

Larry D. Moffett (MS 3401)
**LAW OFFICE OF LARRY D.**
  **MOFFETT, PLLC**
P.O. Box 1418
Oxford, MS 38655
Telephone: (662) 298-4435
larry@larrymoffefett.com

*Attorneys for Plaintiffs-Appellants*

<div align="center">

**CERTIFICATE OF COMPLIANCE**

</div>

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 3,895 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Professional Plus 2016 in 14 point Times New Roman font.

Date: December 15, 2025          */s/ Mark P. Chalos*
<div align="right" style="margin-right: 25%">Mark P. Chalos</div>

## CERTIFICATE OF SERVICE

I, Mark P. Chalos, attorney for Appellants hereby certify that I electronically filed this brief with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM.ECF system. I certify that all participants are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

So certified, this 15th day of December, 2025.

*/s/ Mark P. Chalos*
Mark P. Chalos